ACCEPTED
05-15-00123-CV
FIFTH COURT OF APPEALS
DALLAS, TEXAS
7/23/2015 10:48:29 AM
LISA MATZ
CLERK

**CARRINGTON COLEMAN**

**Bri Turner**
Attorney

**214.855.3121**
bturner@ccsb.com

July 23, 2015

Ms. Lisa Matz, Clerk
Fifth Court of Appeals
George L. Allen, Sr. Courts Bldg.
600 Commerce Street, Suite 200
Dallas, Texas 75202-4658

FILED IN
5th COURT OF APPEALS
DALLAS, TEXAS

7/23/2015 10:48:29 AM

LISA MATZ
Clerk

Re:  Sealed Documents Contained in the Record of *Brinson Benefits, Inc. v. Linda Hooper, Sean Sendelbach, and Holmes Murphy & Associates* No. 05-15-00123-CV.

Dear Ms. Matz:

I am one of the attorneys representing Brinson Benefits, Inc. This case involves some documents that contain sensitive data. The trial court entered several sealing orders in this case, which are included in the Clerk's Record. Upon review of the appellate record this week, we discovered the record submitted to this Court includes documents the trial court sealed in an order signed on October 9, 2014 (Order on Plaintiff's Second Motion to Seal Court Records, attached). The trial court ordered the following documents to be sealed pursuant to Rule 76a of the Texas Rules of Civil Procedure.[1]

- Plaintiff's Exhibit Nos. 17B, 17C, 17F, 17G, 17J, 28, 29, 32B, 33, 33A, 33B, 33C, 33D, 33E, 33F, 34, 34A, and 34B; and

- Defendant's Exhibits Nos. 9, 39, 42, 47, 50, 60, and 61.

These documents are contained in Volume 20 the court record,[2] and thus available to the public, contrary to the trial court's order. Please remove these documents from the publically accessible version of the Reporter's Record, and restrict access except to the attorneys of record for the parties, judges, and court staff.

Please let me know if any additional actions are required to ensure compliance with the attached Sealing Order.

Very truly yours,

Bri Turner
*Attorney for Brinson Benefits, Inc.*

BAT
Enc.
cc:  All Counsel of Record via ECF Notice

---

[1] Volume 20 of the Reporter's Record is not separately paginated, but the Exhibits are bookmarked in the PDF file.

[2] Plaintiff's Exhibits nos. 28 and 34 were sealed by the trial court's order but are not included in the reporter's record.

| | | |
|---|---|---|
| BRINSON BENEFITS, INC. | § | IN THE DISTRICT COURT |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | 101st JUDICIAL DISTRICT |
| | § | |
| LINDA HOOPER, SEAN | § | |
| SENDELBACH, AND HOLMES | § | |
| MURPHY & ASSOCIATES, INC. | § | |
| | § | |
| Defendants | § | DALLAS COUNTY, TEXAS |

## ORDER ON PLAINTIFF'S SECOND MOTION TO SEAL COURT RECORDS

After considering Plaintiff Brinson Benefits, Inc.'s Second Motion to Seal

Court Records, the Court GRANTS the motion, and makes the following findings and

conclusions:

1. Plaintiff demonstrated that certain court records in this matter are confidential and proprietary. Plaintiff has also shown that certain court records include its clients'/prospective clients' HIPAA-protected medical information. Accordingly, Plaintiff has demonstrated a specific, serious, and substantial interest in the confidentiality of certain court records that clearly outweighs the presumption of openness and any probable adverse effect on the general public health and safety. Further, as this case relates to alleged misappropriation of trade secrets in the employee benefits and insurance business, the general public health and safety will not be adversely affected.

2. Plaintiff demonstrated that there are no less-restrictive means than sealing certain Court records. The sealing of certain trial exhibits is the least-restrictive means by which Plaintiff's confidential and proprietary information and the HIPAA-protected information described above can be can be protected.

Therefore, the Court ORDERS that the following court records are sealed under

Texas Rule of Civil Procedure 76a until _____ as outlined below

The following exhibits entered into evidence at Trial (which began on September 2, 2014 and ended on September 11, 2014) are to be sealed:

- Plaintiff's Trial exhibits nos. 17B, 17C, 17F, 17G, 17J, 28, 29, 32B, 33, 33A, 33B, 33C, 33D, 33E, 33F, 34, 34A, and 34B; and

- Defendant's Trial exhibits nos. 9, 39, 42, 47, 50, 60, and 61.

The Court further ORDERS that any court records that are sealed will not become public or be disclosed by any person, will not be included in the public records of this case, and will not be otherwise disclosed or permitted to come into the possession, control, or knowledge of any persons other than the parties, the attorneys of record for the parties in this case, the regular staff of the parties' attorneys, certified court reporters and their staffs, and the personnel of the Court.

Further, the Court ORDERS that all persons who gain possession of any court records that are sealed will not disclose, transfer, or in any way allow the sealed documents to come into the possession of any other person at any time.

Further, the Court ORDERS the Court Clerk to take notice of this Order and to institute procedures to ensure that Court personnel comply with the terms of this Order, including marking the court records sealed by this Order as being under seal of the Court and subject to this Order.

The Court will retain jurisdiction, as provided by law, to enforce, alter, or vacate this order before or after judgment in this case.

Any violation of this Order will be a contempt of court.

SIGNED on October 9th ___, 2014.

_____
PRESIDING JUDGE